IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CHERYL MERCADO-ROSA, et al.,**
**Plaintiffs**

**v.**                                                                          **CIVIL NO. 05-1156(DRD)**

**NELSON TORRES-GONZALEZ,**
**Defendants**

| MOTION | ORDER |
|---|---|
| **Date Filed: 6/15/2005**<br>**Docket #18**<br>[X] **Plaintiff**<br>[] **Defendant**<br>**Title:** Motion Requesting Default be Entered Against Some Defendants | **DENIED.** The Court notes plaintiffs move for Entry of Default because some of the named co-defendants have failed to appear within the term provided by the Rules. However, counsel for the Department of Justice has timely filed its opposition to the Entry of Default on the grounds that due to inadvertence error or excusable neglect, counsel failed to timely request an extension of time to answer the complaint on behalf of said named co-defendants. Furthermore, the Court also notes that all named co-defendants have filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c), Fed.R.Civ.P., 28 U.S.C. (Docket Entry No. 23) raising meritorious defenses hence satisfying <u>Coon v. Greenier</u>, 867 F.2d 73, 76 (1st Cir. 1989). |
| **Date Filed:12 /14/2005**<br>**Docket #25**<br>[] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Motion Requesting Conversion of ISC to Status Conference | **GRANTED.** Due to the fact that plaintiffs have been ordered to file an Amended Complaint providing clarifying statements and specificity as to each individual plaintiffs' causes of action. |

| | |
|---|---|
| **Date Filed:** 12/13/2005<br>**Docket #23**<br>[ ] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) | **DENIED WITHOUT PREJUDICE.** Co-defendants sustain that they are entitled to the dismissal because the instant complaint is time-barred; because the complaint fails to allege their personal involvement in the alleged deprivation of civil rights; that individual plaintiffs cannot maintain a §1983 cause of action for the violation of decedent's civil rights; and that the complaint fails to state facts showing the existence of the alleged conspiracy.  Plaintiff counters by clarifying the facts that gave rise to the §1983 cause of action; that there are sufficient allegations to establish the personal involvement of each named co-defendant in the deprivation of decedent's civil rights; that individual plaintiffs do not seek damages under §1983 rather under the Court's pendent jurisdiction; and that there are sufficient facts alleged sustaining the conspiracy claim.  Co-defendants reply by asserting that plaintiffs' opposition attempts to rewrite the complaint's allegations and that said attempts to redraft the complaint should be summarily denied.  At this time, the Court deems that co-defendants Rule 12(c) motion is premature inasmuch there are material facts which need to be properly alleged which should be proven, plaintiffs may obtain redress. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Furthermore, the Court cannot ascertain whether the facts as alleged provide reasonable basis to conclude that there are no material facts in dispute and the only remaining issues are questions of law. <u>Brittan Comm. Int'l Corp. v. Southwestern Bell Telephone Co.</u>, 313 F.3d 899, 904 (5th Cir. 2002). Anyway, the Court may liberally allow amendments to the complaint early in the case and "when justice so requires" Rule 15(a), Fed.R.Civ.P.; *see*, <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). The Court construes that plaintiffs' clarifications are in reality a request to amend.<br>Therefore, the undersigned deems that in light of co-defendants' request for judgment on the pleadings and the clarifying statements provided by plaintiffs' opposition, the proper way to proceed forth and avoid further unnecessary delays is to **ORDER** plaintiff to incorporate the clarifying statements into the complaint.  Further, counsel for plaintiffs shall be conscious of plaintiff's actionable causes of action.  Therefore, plaintiff shall file an Amended Complaint **within twenty (20) days** of the issuance of this Order.  Co-defendants shall file its Answer to the Amended Complaint and/or responsive pleading **twenty (20) days thereafter**.  **These are FIRM DATES.  Any request for an Extension of Time shall be SUMMARILY DENIED.** |

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 21st day of February 2006.

                **S/DANIEL R. DOMINGUEZ**
                **DANIEL R. DOMINGUEZ**
                **U.S. DISTRICT JUDGE**